Martin, J.
In August, 1879, Bacher sued Shawhan, a non-resident, in the Common Pleas of Wyandot County for money paid; and at the same time an order of attachment was issued and levied on the defendant’s land. The summons was returned “ not found.” In March, 1880, an affidavit for publication was made, and service by publication was in due course completed. In May, 1880, the defendant appearing for the special purpose moved to dismiss the action, which was sustained for want of jurisdiction.
The district court affirmed the judgment, and it is now sought to reverse the judgment of affirmance.
It is suggested that these judgments rest on the assumption that under section 4988 Rev. Stats., the court lost jurisdiction, because the attempt to commence the action was not followed by service within sixty days. That section is found in the chapter providing limitations of actions and reads:
“ Section 4988. An attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of this chapter, when the party diligently endeavors to procure service; but such attempt must be followed by service within sixty days.”
It will be observed that the restrictive words “ within the meaning of this chapter,” confine the operation of the section to matters concerning the limitations of actions. It seems to us that the legislative intent was to prevent parties from indefinitely prolonging a suspension of the statute by a mere attempt to sue. We thinlc this construction is in harmony with kindred provisions. Sec. 5560 Rev. Stats., found in the chapter on attachments, provides that from the time of the issuing of the order of attachment, the court shall be deemed to have acquired jurisdiction. And under Sec. 5055 Rev. Stats., when the publication is made the action is pending so as to charge third persons.
We are not aware of any statutory provision ousting the jurisdiction for plaintiff’s delay or neglect. The court has control over its docket and may dismiss for failure to prose *273 cute. This power of course is quite different from a mandatory duty.
In this case the action was dismissed before the expiration of rule-day for answer.

Judgment reversed.